UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NATIONAL HOME INSURANCE COMPANY, INC., et al., | ) ) ) |
| Petitioners, | ) ) |
| v. | ) Case No. 4:06CV793 RWS ) |
| RAY NYE, et al., | ) ) |
| Respondents. | ) ) |

## MEMORANDUM AND ORDER

This matter is before me on Petitioners National Home Insurance Company, Inc. ("National Home"), and Home Buyers Warranty Corporation's ("Home Buyers") petition to stay state court action and compel arbitration. The petition will be granted.

**BACKGROUND**

Home Buyers is a Colorado Corporation with its principal place of business in Aurora, Colorado. Home Buyers administers the Home Buyers Warranty Program (the "Warranty Program"), a nationwide ten-year home warranty program providing warranty coverage for certain types of construction defects in new homes. Builders apply to Home Buyers for inclusion in the Warranty Program. Builders that are accepted into the program issue Home Buyers' Warranties on the enrolled homes that the builders then sell to the public.

The warranties issued by Home Buyers are insured pursuant to the Federal Risk Retention Act, 15 U.S.C. § 3901, *et seq.* ("FRRA"). As a result, the builders' contractual obligations under the warranties are backed by a Risk Retention Group selected by Home Buyers.

National Home is the Risk Retention insurer selected by Home Buyers to insure the Home

Buyers' Warranty in this case (the "Warranty"). National Home is a Colorado Risk Retention Group under the FRRA.

Homes by Robert Bruner, Inc., is a builder that participates in the in the Home Buyers Warranty Program. In August 1995, Respondents Ray and Evelyn Nye purchased a new home that was built by Homes by Robert Bruner. Concurrent with the purchase of the home, Robert Bruner enrolled the home in the Warranty Program. Home Buyers charged Homes by Robert Bruner an enrollment fee of $301.36. The Warranty took effect on August 18, 1995.

The Warranty contains an arbitration agreement (the "Arbitration Agreement"), which provides in part:

> Any controversy or claim or complaint which you and [National Home or Home Buyers] do not resolve by mutual agreement, whether contract, tort, statutory or other controversy, claim or complaint, which concerns your Home or purchase of it, or your rights against or relationship to [National Home or Home Buyers] shall be settled by final and binding arbitration in accordance with the [National Academy of Conciliators] rules applicable to the Home Warranty Industry, or other mutually acceptable rules. . . . YOUR SOLE REMEDY AGAINST [NATIONAL HOME AND/OR HOME BUYERS] IS FINAL AND BINDING ARBITRATION . . . BY SIGNING THE APPLICATION FOR HOME ENROLLMENT, YOU WAIVE ANY RIGHT YOU HAVE, OR MAY HEREAFTER COME TO HAVE, TO SUE [NATIONAL HOME AND/OR HOME BUYERS] IN COURT.
>
> . . . .
>
> Arbitration of all warranty disputes will be conducted by arbitrators supplied, in the absence of agreement by both parties that they will use another neutral administrator, by [the National Academy of Conciliators], or another neutral administrator selected by [National Home].

The National Academy of Conciliators ("National Academy") was a neutral dispute resolution service created in 1979 to administer the arbitration service for New Jersey's statutory home warranty program. National Academy subsequently began providing neutral dispute

resolution services for home warranty organizations across the nation. National Academy became insolvent and was liquidated in 1995. In the liquidation, Construction Arbitration Services, Inc. ("Construction Arbitration") entered into an agreement with National Academy to administer the cases that would have been administered the National Academy. Under the agreement, Construction Arbitration assumed certain of National Academy's liabilities, acquired proprietary information, and hired many if its employees.

Construction Arbitration is currently an arbitration service that services homeowners, builders, and home inspectors throughout the United States. It is the arbitration service employed by Home Buyers and National Home.

In February 2006, the Nyes filed suit against Home Buyers and National Home in the Circuit Court for St. Charles County, Missouri. In the state court action, the Nyes allege that their home suffers from structural defects. The Nyes further allege that Home Buyers and National Home breached their contractual obligations relative to the alleged defects. The Nyes seek in excess of $100,000 in damages.

The Nyes have refused to submit their state court claims to arbitration. Home Buyers and National Home filed this action on May 17, 2006, to enforce the Arbitration Agreement and for an order from this Court staying the state court action.

**ANALYSIS**

Under 28 U.S.C. § 2283, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

My authority to stay the state proceedings in this case arises under the Federal Arbitration

Act, 9 U.S.C. § 1, *et seq.* ("FAA") , which provides:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement. . . .

9 U.S.C. § 4.

I have jurisdiction over this case because Petitioners are Colorado corporations with their principle place of business in Colorado, the Nyes are citizens of Missouri, and the amount in controversy is in excess of $75,000.

In enacting the FAA, Congress has stated a policy which strongly favors enforcing Arbitration Agreements. "By its terms, the FAA 'leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an Arbitration Agreement has been signed.'" Pro Tech Industries, Inc. v. URS Corp., 377 F.3d 868, 871 (8th Cir. 2004) (quoting Dean Witter Reynolds, Inc. V. Byrd, 470 U.S. 213, 218 (1985)) (emphasis in original). Under the FAA, "A written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

The Nyes argue that the Arbitration Agreement in the Warranty should not be enforced because it is part of an insurance contract and is therefore unenforceable under Missouri law, because it does not provide the notice required under Missouri law, because there was no

transaction in interstate commerce, because the Nyes did not instigate the complaint procedures required under the Warranty, because the named arbitrator, National Academy, is not available to service the arbitration, and because Home Buyers' selection of Construction Arbitration is unilateral and unfair. The Nyes's arguments lack merit.

The Nyes rely on Mo. Rev. Stat. § 435.350 for the proposition that the Arbitration Agreement in the Warranty is unenforceable because the Warranty is an insurance contract. However, the plain language of § 435.350 clearly contradicts the Nyes argument:

> A written agreement to submit any existing controversy to arbitration or a provision in a written contract, except contracts of insurance and contracts of adhesion, to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract. *Contracts which warrant new homes against defects in construction and reinsurance contracts are not "contracts of insurance or contracts of adhesion" for purposes of the arbitration provisions of this section.*

Mo. Rev. Stat. § 435.350 (emphasis added). Under the plain language of the statute the Arbitration Agreement in the Warranty is not subject to the exception of § 435.350.

The Nyes argue that the Arbitration Agreement is unenforceable because it does not meet the notice requirements of Missouri Uniform Arbitration Act, which provides:

> Each contract subject to the provisions of sections 435.350 to 435.470 shall include adjacent to, or above, the space provided for signatures a statement, in ten point capital letters, which read substantially as follows: "THIS CONTRACT CONTAINS A BINDING ARBITRATION PROVISION WHICH MAY BE ENFORCED BY THE PARTIES."

Mo. Rev. Stat. § 435.460.

While the Nyes are correct that the Arbitration Agreement does not meet the notice requirements of the Missouri Uniform Arbitration Act, this is not fatal to the enforcement of the

Arbitration Agreement because the Missouri Uniform Arbitration Act is preempted by the FAA. Southland Corp. v. Keating, 465 U.S. 1, 16 (1984) ("In creating a substantive rule applicable in state as well as federal courts, Congress intended to foreclose state legislative attempts to undercut the enforceability of Arbitration Agreements.") (footnote omitted); Duggan v. Zip Mail Services, Inc., 920 S.W.2d 200, 203 (Mo. Ct. App.1996) (Missouri Uniform Arbitration Agreement notice requirements preempted by FAA).

The Nyes argument that the interstate commerce requirement of the FAA is not satisfied is groundless. There is no question that a contract between a Colorado corporation and Missouri citizens to provide services involves interstate commerce.

The remainder of the Nyes arguments that the Arbitration Agreement should not be enforced are equally groundless. As a result, I will enter an order that the state court stay its proceedings against Home Buyers Warranty Corporation and National Home Insurance Company, and I will order the claims alleged by the Nyes against Home Buyers and National home be submitted for arbitration in accordance with the terms of the Arbitration Agreement. Under the terms of the agreement, National Home has the right to select the neutral administrator, and I will enforce their choice of Construction Arbitration Services and its rules.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioners' Motion to Compel Arbitration and Stay State Court Action [#1] is **GRANTED**.

**IT IS FURTHER ORDERED** that all claims alleged by Ray and Evelyn Nye against National Home Insurance Company, Inc., and Home Buyers Warranty Corporation in the case Ray and Evelyn Nye v. National Home Insurance Company, Inc., et al., Case No. 0611CV919, in

the Circuit Court of St. Charles County, Missouri, are ordered to arbitration before Construction Arbitration Services, Inc., pursuant to Construction Arbitration Services Rules for the Arbitration of Home Warranty Disputes.

**IT IS FURTHER ORDERED** that the court proceedings in the case <u>Ray and Evelyn Nye v. National Home Insurance Company, Inc., et al.</u>, Case No. 0611CV919, in the Circuit Court of St. Charles County, Missouri, against National Home Insurance Company, Inc., and Home Buyers Warranty Corporation shall be **STAYED** pending completion of arbitration.

Dated this 14th day of August, 2006.

                                      RODNEY W. SIPPEL
                                      UNITED STATES DISTRICT JUDGE